```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                     PINE BLUFF DIVISION


GREGORY HARRIS                                        PETITIONER


vs.              Civil Case No. 5:08CV00158 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                     RESPONDENT
```

### **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Gregory Harris, an inmate of the Arkansas Department of Correction, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted by a jury on July 21, 2006, of burglary, and he was sentenced as an habitual offender to forty years imprisonment. He appealed, raising the following grounds for relief:

>   1.   There was insufficient evidence to support his conviction for burglary and theft of property and
>
>   2.   The trial court erred in failing to grant his motion for a continuance filed on the day of trial because the prosecutor failed to disclose that the evidence included Petitioner's fingerprint on a DVD case, which the defense had mistakenly believed was obtained from the DVD.

The Arkansas Court of Appeals affirmed his conviction on May 16, 2007 (Respondent's Exhibit A).  On July 16, 2007, he filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure (Respondent's Exhibit B), which the trial court denied on August 31, 2007.  Petitioner appealed that decision to the Arkansas Supreme Court, which affirmed the denial of relief on March 13, 2008 (Respondent's Exhibit C).

In the present proceeding, Petitioner raises the following grounds for relief:

>   1.   He was denied the effective assistance of counsel in that his attorney failed to object during opening statements and closing arguments to the prosecutor's statement that Petitioner was not new at breaking into people's homes or businesses, or stealing people's property, and he failed to ask the court for a curative instruction;
>
>   2.   The prosecution failed to disclose favorable evidence to the defense, even though defendant filed a motion for discovery seeking a DVD cover allegedly found at the scene of the burglary, which Petitioner's expert should have been able to examine;
>
>   3.   He was denied the effective assistance of counsel when counsel failed to object to the prosecutor's explanation to the jury of the operation of Arkansas' parole laws in violation of Rules 402 and 403's of the Arkansas Rules of Evidence in an attempt to influence the jury to sentence Petitioner to the maximum sentence and

    4.  Counsel was ineffective on direct appeal in that he abandoned the appeal without being relieved as counsel of record by the trial court or the appellate court.

Respondent admits Petitioner is in his custody pursuant to his 2006 conviction and sentence and that he has no non-futile state remedies available to him.  Respondent argues the petition should be dismissed because the claims have no merit and they are procedurally barred.

I.

Respondent contends Petitioner procedurally defaulted ground two, because the issue is not the same ground he raised on direct appeal.  Petitioner argues he cited <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), in his brief and this was sufficient to raise the issue by giving the state court the opportunity to address it.  There is no need to decide this question because I find that, even if the issue is properly before the court, it does not entitle Petitioner to relief.

In its decision dismissing Petitioner's direct appeal, the Arkansas Court of Appeals found Charlotte Wherry's residence was burglarized on March 1, 2004.  After she arrived home and while she was surveying the damage, she noticed a Pirates of the Carribean DVD cover on her desk in her bedroom.  She recalled the DVD was in the living room when she left for work that morning.  A police officer dusted the DVD for prints and found one print that Police

testified they identified as belonging to Petitioner. Mrs. Wherry testified she had borrowed the DVD from her son, she did not know Petitioner, she had never loaned him the DVD, and she had never given him permission to enter her home. Her son testified he bought the DVD and removed the plastic wrapping; only he and his wife had handled the DVD before he loaned it to his mother; he did not know Petitioner and Petitioner had neither been a guest in his home nor had any other reason for handling the DVD. The defense presented evidence from a pawn shop employee that Petitioner was a regular customer and store records showed that on January 28, 2004, Petitioner pawned a <u>Pirates of the Caribbean</u> DVD, which he did not redeem, and which was sold on May 10, 2004. <u>Harris v. State</u>, 2007 WL 1429999, 1 (Ark.App., May 16, 2007).

Petitioner argued the State failed to disclose that they had a DVD case, rather than a DVD, and this led counsel to arrange to have a pawn shop employee testify concerning Petitioner's handling of a <u>Pirates of the Caribbean</u> DVD, based on her misconception that the item in question was a DVD. The Arkansas Court of Appeals found as follows:

> We note first that Harris never disputed that his fingerprint was the fingerprint in question or that he had access to the fingerprint card. Accordingly, we find no merit to his contention that the State failed in its discovery obligations. Second, although Harris argued to the trial court that there was a difference between finding a latent print on a DVD disc and on a DVD case, we are unable to see a meaningful distinction. Harris failed to explain the significance of this alleged distinction to the trial court or to this court on

>appeal, and it is not apparent to us that such a distinction is meaningful in this case. Whether it was on the disc or the case, the print was nevertheless found inside the Wherry residence. Furthermore, the item upon which the fingerprint was discovered had been moved from the living room to the bedroom during the time frame in which the house was burglarized. Finally, the State proved that the print was found on an item to which Harris had not been granted lawful access.

Id. at 3.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal habeas court may "undertake only a 'limited and deferential review of [the] underlying state court decisions.'" Morales v. Ault, 476 F.3d 545, 549 (8th Cir.), cert. denied, 128 S.Ct. 177 (2007), Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir.), cert. denied, 540 U.S. 1059 (2003). This court may only determine whether the conviction or sentence violates the Constitution or laws or treaties of the United States. See Williams v. Taylor, 529 U.S. 362, 389 (2000). The question under AEDPA is whether the Petitioner seeks to apply a rule of law that was clearly established at the time his state-court conviction became final. Id. at 379 (Stevens, J. concurring). If he is, he is entitled to relief if the state court's decision was either "contrary to, or involved an unreasonable application of," that established law. Id. at 391.

>'[A]n unreasonable application of [the Supreme Court's] precedent' occurs 'if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts.' Williams v. Taylor, 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J.). To be unreasonable, the state

>court's application of Supreme Court precedent 'must have been more than incorrect or erroneous.' Wiggins v. Smith, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). Rather, the application 'must have been objectively unreasonable.' Id. (internal quotation omitted).

Garcia v. Mathes   474 F.3d 1014, 1017 (8th Cir. 2007).

Petitioner has not clarified his argument in this proceeding. In his petition, he states he hired an expert to examine the State's evidence, but apparently the police returned the DVD case to the victim and just preserved the print.  It is not clear exactly what Petitioner claims his expert could have found, had he examined the case.  I find the state court's disposition of this issue was not unreasonable.

## II.

Grounds one, three and four are claims of ineffective assistance of counsel that could have been raised in Petitioner's Rule 37 proceedings.  There is no need to examine the Rule 37 petition or appeal brief to determine whether he fairly presented the issues in his post-conviction proceedings because, even if he did, the Arkansas Supreme Court dismissed his Rule 37 appeal because he failed to verify his Rule 37 petition (Respondent's Exhibit C).

Where a state court's decision not to review a question of federal law rests on an independent and adequate state procedural ground, federal habeas review is barred unless the petitioner

establishes cause for the default and resulting prejudice, or that the failure to address the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 729-31, 749-50 (1991).

In his reply, Petitioner incorrectly argues that the Arkansas Supreme Court did not rest its judgment on a procedural bar, but actually addressed the merits of his claims.  He admits in his petition, however, that it dismissed his appeal because of the absence of a verification (DE # 2, p. 9).  The court did not even set forth Petitioner's claims, much less address the merits.  The court only discussed the procedural default.  Petitioner does not explain why he failed to verify his Rule 37 petition.  The court notes that the Arkansas Supreme Court held in Boyle v. State, 362 Ark. 248 (2005), that a petitioner must properly verify his petition in accordance with Rule 37. Furthermore, Petitioner's pro se status in his post-conviction proceedings is not sufficient cause for his procedural default, even if he has a low educational level.  See Smittie v. Lockhart, 843 F.2d 295 (8th Cir. 1988).  In Vasquez v. Lockhart, 867 F.2d 1056 (8th Cir. 1988), cert. denied, 490 U.S. 110 (1989), the court found that a petitioner's pro se status and lack of familiarity with the language and the court system was not sufficient cause for a procedural default. Ignorance of the law is not sufficient cause to excuse a pro se petitioner's failure to file a post-conviction motion under Rule

37.  Williams v. Lockhart, 873 F.2d 1129, 1130 (8th Cir.), cert. denied, 493 U.S. 942 (1989).

Lastly, Petitioner has not asserted this court's refusal to consider his claims because of his procedural default would result in a miscarriage of justice because of his actual innocence.  See Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)(requiring a petitioner to support a claim of actual innocence "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," which shows a "constitutional violation has probably resulted in the conviction of one who is actually innocent").  Even if the court were to interpret his assertion that his expert might have found some unspecified evidence on the DVD cover had he been allowed to examine it as an actual innocence allegation, it is too vague and conclusory to satisfy the Schlup standard.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 10th day of September, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge